IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:25-cr-106-ECM |
| | ) | [WO] |
| THOMAS KENNON WINDHAM | ) | |

**MEMORANDUM OPINION and ORDER**

**I.   INTRODUCTION**

On February 12, 2025, the Defendant was charged in one-count indictment with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). (Doc. 1). The Government filed a motion for detention (doc. 4), and United States Magistrate Judge Chad W. Bryan held a detention hearing on March 20, 2025. The Magistrate Judge granted the Government's motion and entered a written order of detention on March 31, 2025. (Doc. 13).

Now pending before the Court is the Defendant's motion to review and reverse detention order (doc. 17) filed on April 23, 2025. The Government opposes the Defendant's motion. (Doc. 19). The Court has independently reviewed the proceedings before the Magistrate Judge, including the transcript of the detention hearing, the evidence presented, the Order of Detention (doc. 13), and the parties' submissions. Upon careful consideration, and for the reasons that follow, the Court concludes that the Defendant's motion is due to be denied without a hearing.

## II. JURISDICTION AND LEGAL STANDARD

Pursuant to 18 U.S.C. § 3145(b), a defendant who has been ordered detained pending trial may move the court with original jurisdiction over the offense to revoke or amend the detention order. In considering such a motion, the district court must undertake an independent, *de novo* review of the case. *United States v. King*, 849 F.2d 485, 489–90 (11th Cir. 1988).

In determining whether there are conditions of release that will reasonably assure the defendant's appearance and the safety of any other person and the community, the Court takes into account several factors, including: (1) the nature and circumstances of the offense charged, including whether the offense involves a firearm; (2) the weight of the evidence against the defendant; and (3) the defendant's history and characteristics, including his physical condition, past conduct, and history relating to drug abuse. 18 U.S.C. § 3142(g).

## III. DISCUSSION

The Court has carefully reviewed the transcript of the detention hearing, the evidence presented, the Magistrate Judge's detention order, and the parties' arguments. The Court adopts the Magistrate Judge's factual findings and legal conclusions, with additional findings set out below.

In granting the Government's motion for detention, the Magistrate Judge found that the Government had proven, by clear and convincing evidence, that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the

2

community." (Doc. 13 at 2–4).[1]  Regarding the safety of others and the community, the Magistrate Judge found that the nature and circumstances of the offense weighed "decidedly" in favor of detention because the evidence showed that the Defendant not only possessed a firearm but also discharged the firearm three times into an occupied vehicle. (Doc. 13 at 2–3).  The Defendant challenges this conclusion on the grounds that the Magistrate Judge failed to consider the Defendant's conduct during the preceding twenty-five years and the subsequent two years after he possessed the firearm which, according to the Defendant, establishes that his conduct was an isolated incident and out of character. The Defendant also disputes the Magistrate Judge's finding that the evidence that the Defendant violated federal law was "strong" and the finding that the Defendant's ongoing drug problem weighed in favor of detention.  The Defendant further emphasizes the two-year passage of time since the underlying events, his deteriorated physical condition, his caregiving role for his elderly parents, and his purported lack of access to firearms if he is released.

The Court agrees with the Magistrate Judge's findings and conclusion that the Government has proven, by clear and convincing evidence, that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community." (*Id.* at 2–4).  The Court shares the Magistrate Judge's concerns regarding the conduct leading to the Defendant's arrest in this case.  That two years have passed since

---

[1] The Magistrate Judge also found that the Government had *not* proven, by a preponderance of the evidence, that the Defendant poses a risk of non-appearance. (Doc. 13 at 4).  The Defendant does not challenge this finding.

3

the underlying events does not undermine the finding that, based on the totality of the circumstances, the Defendant poses a danger to the community, especially given the Defendant's ongoing drug use in the last two years while he was on bond on related state court charges. Moreover, since 2008 and as recently as 2018, the Defendant has been arrested three times while on probation or out on bond. The Defendant's history of criminal activity and drug use while under court supervision persuades the Court that such supervision has failed to deter the Defendant from engaging in criminal activity and further bolsters the Court's conclusion that the Defendant poses a danger to the community which cannot be mitigated by conditions of release.

In addition to the facts and circumstances cited by the Magistrate Judge, this Court is also troubled by the evidence that the two women occupying the vehicle into which the Defendant discharged the firearm had been solicited by the Defendant to engage in acts of prostitution, which is also illegal. This additional evidence of the Defendant's unlawful conduct, while not dipositive or even entitled to significant weight, further suggests to the Court that the Defendant has not abandoned criminal activity and poses a risk of committing criminal acts in the future. And while the Defendant argues that he was in an "emotional state" engendered by sexual arousal and having money stolen from him, the Court finds that his "emotional state" does not excuse or mitigate his decision to discharge a firearm multiple times into an occupied vehicle. The Court finds troubling the Defendant's unlawful conduct in soliciting prostitution, in addition to his unlawful possession of a firearm, discharging that firearm into an occupied vehicle, his history of

arrests while under court supervision, and his ongoing drug use, and the Court concludes that these circumstances further support the Magistrate Judge's findings and conclusion regarding the Defendant's dangerousness.

The Court acknowledges and has carefully considered the Defendant's positive evidence, including the passage of time, his current physical condition, his caregiving role for his elderly parents, and his purported lack of access to firearms if he is released. The Court also acknowledges the Defendant's argument that he did not know he was prohibited from possessing a firearm. Upon an independent review of the entire record and the parties' arguments, and considering the totality of the circumstances, the Court agrees with and adopts the Magistrate Judge's findings and conclusion that the Government has proven, by clear and convincing evidence, that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community." (Doc. 13 at 2–4).

## IV. CONCLUSION

Accordingly, for the reasons stated, and for good cause, it is

ORDERED that the Defendant's motion to reverse the Magistrate Judge's detention order (doc. 17) is DENIED, and the detention order (doc. 13) is AFFIRMED.

DONE this 16th day of May, 2025.

      /s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE