IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CASE NO. 1:25-cr-106-ECM |
| ) | [WO] |
| THOMAS KENNON WINDHAM ) | |

**O R D E R**

On July 1, 2025, this Court entered a Memorandum Opinion and Order ruling on several motions in limine, including the Defendant's proffered affirmative defense that he believed his civil rights had been restored when he possessed the firearm at issue. (Doc. 44). Among other things, the Court concluded that the Defendant's mistaken belief that his civil rights had been restored was not reasonable as a matter of law, and further concluded that proffered testimony from the Defendant's expert witness, Dr. Lokken, was not admissible. Now pending before Court is the Defendant's motion to reconsider those portions of the Court's ruling. (Doc. 45). In support, he proffers additional facts about when he was called for jury duty. He also insists that a jury—not this Court—must determine the reasonableness of his belief that his civil rights had been restored because his belief has "some basis in the evidence." (*Id.* at 2) (citing *United States v. Hedges*, 912 F.2d 1397, 1405 (11th Cir. 1990)). The Court will address each argument in turn.

The Defendant's additional proffered facts include, for example, that he was not told the reason why he was excused from jury duty; no one told him it was because he had a felony conviction; and he believes he was excused because he had trouble hearing the

judge's instructions. The Court has considered these additional facts and concludes that they do not alter the Court's analysis or conclusion. Thus, to the extent the Defendant requests reconsideration of the Court's ruling based on these additional facts, the motion is due to be denied.

The Court now turns to the Defendant's argument that a jury must determine the reasonableness of his belief. There are two lines of cases from the Eleventh Circuit about what quantum of evidence must be produced for a defendant to be able to present a defense. *See United States v. Alvarado*, 808 F.3d 474, 488–89 (11th Cir. 2015) (making this observation and collecting cases). Some cases, like *Hedges*, say there need only be "some basis" or "any foundation" in the evidence. *See, e.g.*, *Hedges*, 912 F.2d at 1405; *United States v. Arias*, 431 F.3d 1327, 1340 (11th Cir. 2005). Some cases say there must be evidence sufficient for a reasonable jury to find in the defendant's favor on the defense. *See, e.g.*, *United States v. Gutierrez*, 745 F.3d 463, 472 (11th Cir. 2014) (citing *Mathews v. United States*, 485 U.S. 58, 63 (1988)); *see also Mathews*, 485 U.S. at 63 ("As a general proposition[,] a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor.").[1] The Eleventh Circuit has acknowledged these two lines of cases but has declined to resolve any inconsistencies between them, assuming they are inconsistent. *See Alvarado*, 808 F.3d at 489 (declining to "try to harmonize th[e] standards" because the defendant failed to meet

---

[1] Additionally, in an unpublished opinion, the court stated that "a court can require a defendant asserting an affirmative defense that does not negate any element of the charged offense to first prove that defense by a preponderance of the evidence." *United States v. Poole*, 835 F. App'x 531, 536 (11th Cir. 2020) (per curiam).

either standard); *United States v. Ronga*, 682 F. App'x 849, 856 (11th Cir. 2017) (per curiam) (same).[2]

What is clear is that the Court can require a defendant to proffer before allowing the defendant to present an affirmative defense which, like the proffered defense here, does not negate an element of the offense. *See United States v. Montgomery*, 772 F.2d 733, 736 (11th Cir. 1985) ("In order to have the [justification] defense submitted to a jury, a defendant must first produce or proffer evidence sufficient to prove the essential elements of the defense."); *Poole*, 835 F. App'x at 535 ("Before an affirmative defense can go to the jury, the defendant must proffer enough facts to support each element of the defense."). The Court "need not allow each and every theory a defendant wishes to raise, no matter how improbable, get to the jury." *Poole*, 835 F. App'x at 536. As the Supreme Court has explained, "it is essential that the testimony given or proffered meet a minimum standard as to each element of the defense so that, if a jury finds it to be true, it would support an affirmative defense." *United States v. Bailey*, 444 U.S. 394, 415 (1980). To the extent the Defendant suggests the Court has no gatekeeping role regarding whether he can present his defense to the jury, that is not the law.

Because of his felony convictions,[3] the Defendant had lost his right to vote, *see* ALA. CODE § 17-3-30.1(c); his right to serve on a jury, *see id.* § 12-16-60(a)(4); and his right to

---

[2] Here, and elsewhere in this Order, the Court cites nonbinding authority. While the Court acknowledges these cases are nonprecedential, the Court finds them persuasive.

[3] At least one of the Defendant's convictions—in particular, for unlawful distribution of a controlled substance—appears to be a felony conviction of a crime of moral turpitude. *See* ALA. CODE § 17-3-30.1(c)(42).

hold public office, *see id.* § 36-2-1(a)(3); *see also United States v. Thompson*, 702 F.3d 604, 605–06 (11th Cir. 2012). To restore the right to vote, a person must apply to the Board of Pardons and Paroles for a Certificate of Eligibility to Register to Vote. *See* ALA. CODE § 15-22-36.1(a). To restore other "civil and political rights," a person must apply to the Board of Pardons and Paroles for a pardon. *See id.* § 15-22-36; *see also* ALA. ADMIN. CODE r. 640-X-7-0.1. Here, the Defendant does not assert that he did or attempted to do either of these things. The Court acknowledges that, based on his proffered evidence, the Defendant received some indication from the State of Alabama that he could exercise his right to vote. What is not sufficient—and what a reasonable jury could not find—is that, although he took no action to avail himself of the processes required to restore his civil rights, he reasonably believed that his civil rights simply had been restored and he no longer had any predicate felony convictions for purposes of 18 U.S.C. § 922(g)(1). This conclusion is underscored by the fact that the Defendant has not one but *five* felony convictions. Based on the totality of the circumstances and the Defendant's proffered evidence, the Court reaffirms its prior conclusion that, on this record, the Defendant's belief that his civil rights were restored was not reasonable as a matter of law. Consequently, the Defendant's motion to reconsider is due to be denied.

Accordingly, for the reasons stated, it is

ORDERED that the Defendant's motion to reconsider (doc. 45) is DENIED.

DONE this 2nd day of July, 2025.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE